GRIFFIN vs. THE STATE BANK et al.

1. The answer of a corporation, denying the allegations of the bill, but verified by its corporate seal only, is insufficient to authorise a dissolution of the injunction.

Overruling Hogan v. The Branch Bank at Decatur, 10 Ala. Rep. 485.

Error to the Chancery Court of Talladega. Tried before the Hon. David G. Ligon, Chancellor.

RICE & MORGAN, for the plaintiff.

WHITE & PARSONS, for defendants: The answer of a corporation under its seal, when it negatives the bill, warrants the dissolution of an injunction.—Hogan v. Br. Bank at Decatur, 10 Ala. Rep. 485.

DARGAN, C. J.—The plaintiff filed his bill against the Bank of the State of Alabama and the sheriff of Talladega county, praying an injunction to restrain the collection of a judgment at law rendered in favor of the Bank against him. The answer of

the Bank is authenticated by its corporate seal, but is not verified by the oath of any one. Upon the coming in of the answer, a motion was made to dissolve the injunction, on the ground that the answer denied the equity of the bill. This motion was granted, and from the decree dissolving the injunction an appeal was taken to this court.

The only question presented is this: whether the answer of a corporation under its corporate seal, not verified by the oath of any of its officers, is sufficient to warrant the dissolution of an injunction, which has been granted on a bill verified by the oath of the complainants.

It has been said by courts of high authority, that the only effect of an answer of a corporation under its seal, which is not verified by the oath of any of its officers, is to put the allegations of the bill in issue.—Union Bank of Georgetown v. Geay, 5 Peters, 99 ; Lovett v. The Steam Saw Mill Association, 6 Paige, 54. But we do not think it necessary to inquire what degree of credence, if any, should be given to such an answer, as matter of evidence upon the final hearing of the cause, for the question in this case is one of practice and not conclusive of the rights of either party. The practice of courts of equity should be governed by rules productive of general convenience, and calculated to prevent injury to either party as far as practicable, and exceptions to those general rules should not be allowed unless for some good reason. Now the general rule is that the answer of the defendant, to authorise the dissolution of an injunction, must not only deny the equity of the bill, but it must be verified by oath. Why should the answer of a corporation be exempted from this general rule? If the allegations of the answer and the denials of the charges contained in the bill are true, they can be sworn to by any officer of the corporation cognizant of the facts, and no inconvenience whatever can result from requiring that the answer shall be verified by affidavit, in order to entitle the corporation to a dissolution of the injunction. But on the other hand, to dissolve an injunction on the answer of a corporation not verified by oath may lead to injury, for no one is responsible whether the answer be true or false. It may be false; it may contain denials and statements that none of the officers would swear to ; and if we should dissolve an injunction on such an answer, the complainant may be injured by process at law pend-

ing the cause, when no one would deny the truth of the allegations of his bill under oath. No inconvenience can result from holding that the answer of a corporate, like the answer of any other defendant, must be verified by oath in order to entitle the corporation to a dissolution of an injunction, but inconvenience and injury may result to the complainant, if we hold that the answer verified by the corporation seal alone is sufficient for this purpose. The precise question arose in the case of The Fulton Bank v. The New York and Sharon Canal Company, 1 Paige, 311, and Chancellor Walworth held that an injunction against a corporation could not be dissolved on the answer denying the equity of the bill, unless the answer was verified by the oath of some one acquainted with the facts. This decision we think holds the correct rule of practice, and we therefore give it our assent. It is true that a majority of this court, in the case of Hogan v. The Branch Bank at Decatur, 10 Ala. 485, held that the answer of a corporation under its corporate seal was sufficient to authorise the dissolution of an injunction. It was not, however, necessary to decide this question in that case, but even admitting that the decision turned on this point, we would feel compelled to dissent from it and to declare that it is not the law.

The decree of the chancellor dissolving the injunction is erroneous. It must therefore be reversed, and the cause remanded.

CHILTON, J.—I did not sit in this cause, having been of counsel before my election to the bench. Since, however, this opinion has been delivered, I feel free to add my concurrence in the views of my brethren, as to the effect of an answer of a corporation not sworn to upon motions to dissolve injunctions.