# Gaston *v.* The State.

*Statutory Action in nature of Ejectment, for School Lands.*

<div style="float:right">88 459<br>d123 130</div>

1. *Bill of exceptions signed in vacation.*—A bill of exceptions tendered and signed on the 5th November, under an order made on the 15th October, extending the time "for twenty days from this date," will be struck from the record on motion.

2. *Verification of plea in abatement.*—Under statutory provisions (Code, § 2676), a plea in abatement must be verified by affidavit, unless it is of matters of record.

3. *State's right to sue.*—Under statutory provisions (Code, §§ 2573, 960, subd. 4), the State may sue in all cases where, under like circumstances, an action would lie between individuals, may maintain a statutory action of ejectment, and may sue in the name of a township for school-lands belonging to it.

4. *Limitation of action by State*—Twenty years is the limitation against an action by the State for the recovery of lands (Code, § 2613); and this limitation applies to an action for the recovery of school lands for the use of a township, when an action by the trustees of the township was not barred at the time of the change in the statute.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought in the name of the State of Alabama, "for the use of township seven (7), range eight (8), west of the Tallahassee meridian," against Ned Gaston, to recover the possession of a tract of land containing 80 acres, which was described as "the east half of the south-east quarter of section sixteen, township seven (7), range (8), west of the Tallahassee meridian;" and was commenced on the 15th August, 1888. The defendant pleaded in abatement, on the ground that the State of Alabama can not sue in ejectment, except for sixteenth-section lands, and the land here sued for is not part of a sixteenth section. The court struck this plea from the files, on motion, and the defendant then demurred to the complaint, assigning as causes of demurrer—1st, because the State can not maintain the action; 2d, because the complaint shows that the State has no title to the lands described. The court overruled the demurrer, and the defendant then filed a special plea of adverse possession for

[Gaston v. The State.]

fifteen years, exercising acts of ownership, but without any paper title, or color of title. The court sustained a demurrer to this plea, and the cause was tried on issue joined on the plea of not guilty. A bill of exceptions was reserved by the defendant on the trial, but it requires no notice, being stricken from the record by this court. The rulings on the pleadings, and the rulings shown by the bill of exceptions, are assigned as error.

WALKER & ESPY, for appellant.—It was admitted in this case, as the bill of exceptions shows, that the land sued for lies between the upper and lower boundary lines between Alabama and Florida; that is, between the Coffee line and the Ellicott line, known also as the "Mound line." The court is bound to know this fact, as matter of judicial knowledge, without any agreement, or bill of exceptions; and also to take judicial notice of the time when each of these lines was run and established. Until the lower and later line was established, the State of Alabama neither had, claimed nor exercised any right to these intermediate lands, and had no jurisdiction over them; and the rights of parties in possession are not governed by the laws then in force in Alabama. There are respectable authorities which hold that the State can not maintain ejectment.—3 Washb. R. P. 203, 5th ed.; 3 Wait's Ac. & Defenses, 34. If the action can be maintained at all, it is barred by the statute of limitations, which is the general statute of ten years. The act of November 20th, 1876, excepts from the operation of that statute actions brought by township trustees, and does not embrace this case, which is brought by the State; and the statute now of force (Code, § 2613, subd. 2), which was incorporated by the Code commissioners, and did not take effect until December 25th, 1887, can not operate retrospectively to defeat prior vested rights. That the statute of limitations runs against an action by the State, when suing merely as trustee, see *Miller v. State*, 38 Ala. 600; *Conner v. State*, 69 Ala. 212; *Molton v. Henderson*, 62 Ala. 426.

P. A. McDANIEL, *contra*.—The bill of exceptions must be stricken from the record, because not signed in proper time. *Powell v. Sturdevant*, 85 Ala. 243; *Pearce v. Clements*, 75 Ala. 256; *Wood v. Brown*, 8 Ala. 563. (5.) The plea in abatement was properly stricken from the files, because not sworn to.—Code, § 2676. (3.) The action was not barred.—Code, § 2613.

McCLELLAN, J.—The motion to strike out the bill of exceptions in this record must prevail. Judgment was entered on September 17th, 1889, and with it an order that thirty days be allowed the defendant in which to file a bill of exceptions. On October 15th it was ordered, that "the time for preparing a bill of exceptions by defendant is hereby extended for twenty days *from this date.*" The bill of exceptions shows that it "was tendered and approved" on November 5th, 1889, beyond the time prescribed in the order of October 15th theretofore. The bill of exceptions, therefore, must be stricken from the record, and all assignments of error based on it will be disallowed.—*Powell v. Sturdevant,* 85 Ala. 243.

The action of the primary court in striking defendant's plea in abatement from the files may be justified on either one of two grounds: (1.) The plea was not of matter of record, and was not verified as required by statute.—Code, § 2676; *Hall v. Wallace,* 25 Ala. 438. (2.) The plea, had it been properly verified, would have been clearly bad, in its assumption, or statement of law, that the State of Alabama is not authorized to maintain ejectment except in respect to sixteenth-section lands. The statute authorizes suits by the State in all cases where, under like circumstances, an action would lie between individuals.—Code, § 2573.

What is said last above applies also to defendant's first assignment of demurrer, which proceeds on the idea that the State can not maintain the action of ejectment. The second assignment of demurrer to the complaint, setting up the alleged incapacity of the State to maintain ejectment for lands constituting the sixteenth sections, which it holds in trust for the several townships of the State, is palpably untenable. Code, § 960, clause 4.

Actions by the State for the recovery of any real or personal property, and actions by or for the use of any township for the recovery of sixteenth-section or other school lands, by the express terms of the statute of limitations, may be brought any time within twenty years from the time the cause of action accrued.—Code, § 2613.

We are of opinion, that, title by adverse possession not being perfected against the trustees of the township, when the twenty years limitation was broadened so as in terms to embrace all suits for recovery of lands belonging to a township, it was competent for the legislature to invest other parties than the trustees with the right to maintain such suits

[Lyons v. Campbell.]

in behalf of the township; and no defense could be made to suits instituted by parties thus invested with the right of action, which could not have been made to a suit prosecuted in the name of the trustees.    The statute was a mere legislative change in the trustee authorized to sue, and could not operate to deny any substantial right of the *cestuis que trust*, or authorize any defense not before tenable.

The judgment of the Circuit Court is affirmed.