# Empire Guano Co. *v.* Jefferson Fertilizer Company.

*Injunction to Restrain Imitation of Brand.*

(Decided Feb. 4, 1908.  45 South. 657.)

1. *Injunction; Preliminary Injunction; Dissolution.*—The affidavit to the answer to a bill for injunction was made by the president of defendant corporation, and stated that the allegations of the answer, when made on personal knowledge, were true, and when made on information, affiant believed 'them to be true, but the answer did not show that affiant was familiar with the material facts alleged in the answer. Held, the affidavit to the answer did not comply with rule 32 of chancery practice and the affidavit was defective, and the preliminary injunction improperly dissolved, notwithstanding the bill and affidavit thereto may have been defective.

2. *Same; Bill; Verification; Defect; How Taken Advantage of.*— A defect in the bill and affidavit cannot be relied on to cure a defective verification of the answer; such defect must be pointed out at the proper time and in the proper way.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by the Empire Guano Company against the Jefferson Fertilizer Company. From a decree dissolving the injunction, complainant appeals. Reversed, and decree rendered reinstating the injunction.

The bill was filed for an interlocutory injunction enjoining and restraining the defendant, its servants, agents, officers, and employes, from sacking, packing, labeling, shipping, or delivering, selling, or offering to sell to the trade, any brands of fertilizer whereon there shall appear the word "Empire" prominently displayed in such a way as to imitate the brands of fertilizer offered for sale by the Empire Guano Company of Nashville, Tenn., or in such a way as to suggest that any fertilizers labeled and offered for sale by said defendant

were labeled and offered for sale by the Empire Guano Company. Temporary injunction was issued, whereupon the defendant filed an answer, which was verified as follows: "Before me, the undersigned authority in and for said state and county, personally appeared J. G. Whitfield, who, being duly sworn, deposeth and saith that he is president of the Jefferson Fertilizer Company, the respondent in the foregoing complaint; that he has read over the answer to the said original bill hereinbefore set forth; that the allegations of said answer when made upon personal knowledge are true, and when made upon information he believes to be true. J. G. Whitfield, Sworn to," etc. Upon the coming in of this answer the chancellor held the bill to contain equity, but dissolved the injunction. Complainants then made motion to reinstate the injunction, which motion was denied.

ALLEN & FORT, for appellants. The affidavit to the answer was insufficient because the person making it nowhere states in it that he has the authority to make it, and he fails to state that he has knowledge of the facts stated in said answer.—*Niehaus & Co. v. Coke,* 134 Ala. 246; *M. & M. R. R. Co. v. A. M. Ry. Co.,* 123 Ala. 155. Therefore, it follows that the injunction was improperly dissolved.

CABANISS & BOWIE, for appellee. The allegations of fact contained in several paragraphs of the bill are made on information and belief, and hence, an answer made on information and belief and so verified is sufficient.— *Logan v. Branch Bank,* 10 Ala. 485. An answer need not be sworn to in any event where all its allegations are independently proven.—*Kidd v. Bates,* 124 Ala. 670. In any event, the affidavit was capable of amendment and

[Empire Guano Co. v. Jefferson Fertilizer Company.]

should be treated on appeal as if amended.—*Forney v. Calhoun County*, 84 Ala. 215; *Jacobi v. Goetter*, 74 Ala. 427. As supporting the proposition that where the allegations of the bill are made on information and belief, the allegations of the answer may be made and verified in the same manner, we call the court's attention to the following.—*Holdridge v. Gwin*, 18 N. J. Eq. 26; *Kaign v. Fuller*, 14 N. J. Eq. 419; *Painter v. Luass*, 29 Wis. 375.

ANDERSON, J.—Whether the oath is waived by bill or not, the answer must be sworn to before an injunction will be dissolved upon the denials of same.—Rule 32, Chancery Practice (Code 1896, p. 1209); *Mobile & Montgomery R. R. v. Alabama Midland R. R. Co.*, 123 Ala. 145, 26 South. 324. The affidavit to the answer in the case at bar is subject to some of the same infirmities pointed out by the court to the affidavits in the cases of *M. & M. R. R. Co. v. Ala. Midland Co., supra*, and *Neihaus v. Cooke*, 134 Ala. 223, 32 South. 728. Nor is it aided by the averments of the answer, which fail to show that the affiant had knowledge of or was acquainted with the material facts stated.

The fact that the bill and affidavit thereto may be subject to some of the points of criticism which have been made to the answer did not authorize a dissolution of the injunction upon an imperfect verification of the answer. The rule is mandatory, and says: "Before a motion can be entertained to dissolve an injunction upon the denials in the answer of the equity of the bill, the answer must be sworn to, whether an answer under oath is waived in the bill or not."—*Hart v. Clark*, 54 Ala. 490. If the affidavit to the bill was insufficient, the defect should have been pointed out at the proper time, and a failure by the complainant to do so did not enable it to

[Speakman v. Vest, et al.]

dissolve the injunction upon an insufficiently verified answer.—*Jacoby v. Goetter, Weil & Co.*, 74 Ala. 427.

The case of *Hogan v. Branch Bank*, 10 Ala. 485, was overruled in *Griffin v. Bank*, 17 Ala. 258. But, if not in respect to this particular point, it cannot be considered as an authority against the present holding, as we did not at that time have rule 32, above quoted. The chancellor erred in dissolving the injunction, and the decree of the chancery court is reversed, and one is here rendered reinstating same.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.