(83 South. 281)

ELLIS v. DRAKE. (6 Div. 826.)

(Supreme Court of Alabama. Nov. 13, 1919.)

1. APPEAL AND ERROR ⬥655(2)—STRIKING BILL OF EXCEPTIONS NOT FILED IN TIME.

Where a judgment in ejectment was rendered June 5th, and the bill of exceptions was filed August 30th, and signed and approved by the presiding judge December 6th, the bill must be stricken as not having been filed within the period required by law under Code 1907, § 3019.

2. PLEADING ⬥301(3)—SUFFICIENCY OF VERIFICATION OF PLEA IN ABATEMENT.

Since pleas in abatement must be verified by affidavit unless they are as to matters of record, in view of Code ,1907, § 5332, where a plea stated facts relied on in positive terms, but the affidavit of the attorney was merely made as to his belief of facts, it was insufficient.

3. ADVERSE POSSESSION ⬥110(4) — AS DEFENSE AVAILABLE UNDER GENERAL ISSUE.

In ejectment, adverse possession by defendant as a defense is available under a plea of the general issue.

4. TRIAL ⬥11(2)—VERIFICATION ON BELIEF OF MOTION TO TRANSFER CAUSE TO EQUITY DOCKET INSUFFICIENT.

Under Acts 1915, p. 830 et seq., requiring a motion to have a cause transferred to the equity side of the docket to be verified by the affidavit of some person having knowledge of the facts, an affidavit by applicant's attorney is insufficient, where it merely states that an affiant believes the facts set out to be true.

5. TRIAL ⬥11(2) — MOTION TO TRANSFER CAUSE TO EQUITY DOCKET NOT SETTING UP ANY EQUITABLE RIGHT INSUFFICIENT.

In ejectment, a motion to have the cause, transferred to the equity side of the docket, under Acts 1915, p. 830 et seq., held insufficient to set up any equitable right or defense.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Ejectment by Alberta .Drake against Jim Ellis. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion. The motion to transfer to the equity side of the docket sets out in effect that Jim Ellis purchased the property from one Nicholson and wife, and paid cash therefor, and at his request the grantors therein executed a deed of trust to the plaintiff, who is the daughter of Jim Ellis, the defendant, and conveying to her by warranty deed the title to the property; that at the time no intention was had to convey the fee-simple title to plaintiff, and there was no valid consideration for the deed to plaintiff; that the deed was delivered to defendant and not to plaintiff, and plaintiff has heretofore agreed and promised to reconvey title to the defendant when she becomes of age and without the payment of any consideration; that the defendant resides upon said property and occupies the same as a homestead, and has so resided upon it since the 13th day of January, 1905; that since the acquisition of the property defendant has made great improvement and has expended the sum of $600 thereon; that up to two years ago plaintiff resided with the defendant, and up to that time asserted no claim or demand or right of title to the property; that defendant has certain equitable rights and desires to file a cross-bill to cancel the deed held by plaintiff and for such other equitable remedies as he is entitled.

Hugh H. Ellis, of Birmingham, for appellant. Infants must sue by next friend. Section 2476, Code 1907. Infancy is properly pleaded by abatement. Howland v. Wallace, 81 Ala. 238, 2 South. 96. The plea would properly verify. 2 Ala. 24; 40 Ala. 235. The motion to place upon the equity docket was proper. Acts 1915, p. 831.

---

Carmichael & Wynn, of Birmingham, for appellee. Bill of exceptions must be stricken. Section 3019, Code 1907. The plea in abatement was defective. 1 Cyc. 540, 541, and 543.

GARDNER, J. [1] Statutory action of ejectment by appellee against appellant, resulting in a judgment for the appellee, from which this appeal is prosecuted. The submission is upon the motion of the appellee to strike the bill of exceptions, and also upon the merits. The judgment was rendered June 5, 1918, and the bill of exceptions appears to have been filed August 30, 1918 (it appearing that the trial judge was out of the state, Acts 1915, p. 816), and on December 6, 1918, signed and approved by the presiding judge. The bill of exceptions therefore was not signed within the period required by law, and must therefore be stricken. Section 3019 of the Code of 1907.

This leaves for consideration only the ruling of the court upon the demurrer to the plea in abatement, and to plea No. 2, and also the demurrer upon the motion to transfer the cause to the equity side of the docket. The plea in abatement was to the effect that the plaintiff should not be permitted to further prosecute the cause, for that she is a married woman under the age of 18 years, and therefore is not authorized to maintain an action in her own name. Attached to said plea was an affidavit by the attorney for the defendant to the effect that he was such attorney, and "that he is informed, and upon such information believes, that the facts set out in the foregoing plea are true."

[2] Pleas in abatement must be verified by affidavit, unless they are as to matters of record. Section 5332, Code of 1907; Gaston v. State, 88 Ala. 459, 7 South. 340; 4 Mayf. Dig. 498. The plea stated the facts in positive terms, but the affidavit of the attorney was merely as to his belief of facts, and was insufficient under the previous rulings of this court. Empire Guano Co. v. Jefferson Fertilizer Co., 154 Ala. 409, 45 South. 657; M. & M. R. R. Co. v. Ala. Mid. R. R. Co., 123 Ala. 145, 26 South. 324; Niehaus & Co. v. Cook, 134 Ala. 223, 32 South. 728; Sellers v. State, 162 Ala. 35, 50 South. 340; Holman v. State, 144 Ala. 95, 39 South. 646. See, also, 31 Cyc. 540–544. The demurrer taking the point was properly sustained. McCoy v. Harrell, 40 Ala. 232.

[3] Plea No. 2 merely set up adverse possession on the part of the defendant as a defense to the suit, which was availing to him under the plea of general issue. There is nothing in this ruling, therefore, of which appellant can complain.

[4, 5] The defendant filed a motion to have the cause transferred to the equity side of the docket under the provisions of the Acts of 1915, p. 830 et seq. This act requires that such a motion shall state the substance of the equitable right or defense which the defendant desires to assert, and must be verified by the affidavit of some person having knowledge of the facts. The affidavit in the instant case was identical to that filed to the plea in abatement, above noted, by the same attorney, and clearly insufficient. But, in addition to this, we are of the opinion that the motion did not set up any equitable right or defense on the part of the defendant. Plaintiff's demurrer properly presented these questions, and the court correctly sustained the demurrer thereto. Pieme v. Arata, 202 Ala. 427, 80 South. 811.

These are the only questions appearing upon the record for our consideration, and, finding no error, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.