(89 South. 388)

## ELLIS v. DRAKE. (6 Div. 195.)

(Supreme Court of Alabama. May 19, 1921.)

**1. Judgment ⬅⟶569—Ruling on motion to transfer to equity docket not final.**

Ruling of courts on motion to transfer action of ejectment to the equity docket in virtue of the provisions of Gen. Acts 1915, p. 831, § 2, to the effect that the motion did not set up any equitable right of defense on the part of defendant, were not final, and did not operate to conclude the defendant upon the merits as far as his equitable rights were concerned.

**2. Gifts ⬅⟶37—Deed by way of gift set aside on the ground of mistake or fraud.**

A deed of gift will be annulled by a court of equity even in the absence of fraud, wherever it is clearly established that it does not in a material respect express the donor's intention, or was executed under a total misapprehension of its effect, and such is true where one who pays the entire purchase money for the land receives a deed from the vendor, transferring the land to a third person, the person paying the money being ignorant and believing that the deed which she filed of record conveyed the title to him, being led so to believe by false representations.

**3. Cancellation of instruments ⬅⟶34(1)—One suing to set aside a deed held not guilty of laches.**

Laches was not imputable to one suing to set aside a deed from his grantor to a daughter, though 17 years had elapsed, where the situation of the parties was unchanged and he was at all times in the possession of the property and claimed it as his own.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by James Ellis against Alberta Drake to restrain dispossessing him under an execution in ejectment, and declare a trust in certain lands, and for general relief. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

Ellis & Matthews, of Birmingham, for appellant.

A trust is created when one pays the purchase price, and a deed is made to another. 152 Ala. 375, 44 South. 616; 168 Ala. 314, 52 South. 914; Pomeroy, Equity Juris. § 1037; Story on Equity, § 1597; 28 Ala. 127; 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; 124 Ala. 415, 26 South. 882; 152 Ala. 422, 44 South. 680; 71 Ala. 35. Complainant was not barred by laches. 74 Ala. 546; 75 Ala. 65; 79 Ala. 395; 91 Ala. 245, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 894; 87 Ala. 350, 6 South. 276.

Ritter & Wynn, of Birmingham, for appellee.

No brief reached the Reporter.

McCLELLAN, J. Appeal from decree sustaining respondent's (appellee's) demurrer to complainant's (appellant's) bill. The bill was filed on December 2, 1919, by the appellant against the appellee, his daughter. It is averred in the bill that in the year 1900 the appellant entered into a contract with C. R. and E. C. Nicholson for the purchase of certain realty; that he alone performed the contract and paid the entire purchase money, and thereupon became entitled to a conveyance of the property; that immediately thereafter (1900) he went into the open, notorious, continuous adverse possession of the property, has ever since held it, annually listed it for taxation and paid the taxes thereon, and lived on the land, claiming it as his own; and that he has expended large sums of money in the improvement of the premises. In paragraph 4, substituted by amendment, it is averred:

"(4) That complainant is an ignorant negro, unacquainted with the formalities and usages of law, and that after he had performed his contract for the purchase of said lands by paying the entire purchase price thereof as agreed upon he was fraudulently induced by E. C.

Nicholson, one of the grantees in the contract of sale, to have said deed made to the defendant herein. That the fraud of said Nicholson consisted in this: That she represented to this complainant that the deed which she delivered to him conveyed the land to him, and that when he recorded said deed that he would be the owner of said land, while as a matter of fact said deed conveyed the legal title to said lands to the defendant herein. That your complainant relied upon said false representations and believed them to be true, and was thereby caused to accept said deed and record the same."

It is further averred that because he paid the entire purchase money for the property, and that no part thereof was paid by this respondent, his daughter, he is in fact the equitable and beneficial owner of the property, and that the respondent is and has been a mere naked trustee of the title to said lands to his use.

It is further averred that the respondent on, to wit, the 7th day of July, 1917, instituted and prosecuted to a successful result an ejectment suit against him in the circuit court of Jefferson county; that upon his appeal to the Supreme Court the judgment of the circuit court was affirmed on November 13, 1919, about 11 months before this bill was filed (Ellis v. Drake, 203 Ala. 457, 83 South. 281); and that a writ of possession was ordered issued upon the judgment so affirmed.

The bill prays for an injunction to restrain the dispossession of the appellant through the process issuing on the judgment in the action of ejectment; that upon final hearing a decree will enter, declaring the equitable and beneficial title to the property to be in complainant, and that the trustee is only a trustee of the legal title for the use of complainant; that the respondent be required to execute a deed to the complainant; and that the enforcement of the judgment in ejectment will be permanently enjoined. In addition, there is a prayer for general relief.

[1, 2] In the mentioned action of ejectment the defendant (there) sought to have the cause transferred to the equity docket of the circuit court—this in virtue of the provisions of the Act approved September 28, 1915 (Gen. Acts, p. 831, § 2). The trial court sustained the demurrer to the motion; and that ruling was sustained on appeal, this court observing that the motion did not set up any equitable right or defense on the part of the defendant. That ruling of the trial court and on appeal was with reference to procedure only, not final, and did not operate to conclude the defendant there upon the merits. Schillinger v. Leary, 201 Ala. 256, 77 South. 846, citing many previous decisions here. The grounds of demurrer asserting that judgment as a bar to this cause were not well taken. In Manfredo v. Manfredo, 191 Ala. 322, 331, 332, 68 South. 157, this court approved the principle of Garnsey v. Mundy, 24 N. J. Eq. 243, and Mulock v. Mulock, 31 N. J. Eq. 594, quoting the statement of the rule applicable to this bill from the case last cited. Further expressions in the opinion in Mulock v. Mulock emphasize the scope and effect of the wholesome doctrine quoted in Manfredo v. Manfredo, supra. The rule is that a deed of gift will be annulled by a court of equity, even in the absence of fraud, whenever it is clearly established that the deed of gift does not, in a material respect, express the donor's intention, or it was executed under a total misapprehension of its effect. To uphold a deed of gift "it must be the pure, voluntary, and well understood act of the grantor's mind." Mulock v. Mulock, supra. The fact that the principles stated in our own and in the New Jersey cases were applied to conveyances inter sese does not render them inapplicable in this instance, where the whole consideration was paid by the parent and the deed was executed by the vendor to the child.

[3] The averments of fact contained in the present bill cast the rights of the parties under the government of the principle stated in Manfredo v. Manfredo, and the New Jersey cases cited; and hence the bill possesses equity, and was not subject to the demurrer, unless laches has intervened to prevent complainant's relief at least under the general prayer, even if it should be assumed that the particular, special prayer was affected with mistake. Rosenau v. Powell, 173 Ala. 123, 55 South. 789; Magnolia Land Co. v. Malone Inv. Co., 202 Ala. 157, 79 South. 641. Under the facts, no laches is imputable to the complainant, the situation of the parties being unchanged and he having been all the time in the character of possession alleged in the bill, having claimed the land as his own, and having paid the taxes thereon throughout the entire period since 1900; and having filed the bill within one year after the conclusion of the litigation in the action of ejectment. The decree sustaining the demurrer was erroneous. That decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.