# Columbus & Western Railway Co. v. Witherow.

*Bill in Equity for Injunction against Railroad Embankment in Public Street as Nuisance.*

1. *Injunction against railroad in public street, at suit of lot-owner.*—The owner of a lot in an incorporated city or town, abutting on a public street, having the ultimate fee to the middle of the street, may come into equity to prevent by injunction the construction of an embankment in the street by a railroad company, without authority of law, whereby his property will be injured.

2. *Dissolution of injunction on answer.*—On motion to dissolve an injunction on the denials of the answer, the answer will only be considered so far as it is responsive to the bill; the denial of legal conclusions properly deducible from the averments of the bill, without stating the facts, will avail nothing; and denials on information and belief, when the allegations of the bill are positive, will not authorize a dissolution.

3. *Fee in streets in city or town.*—In the absence of statutory provisions to the contrary, a conveyance of a lot in an incorporated city or town, bounded by a public street, passes to the grantee the fee to the centre of the street, subject to the public right of user.

4. *Liability of corporations, under constitutional provisions, for property taken, injured, or destroyed.*—Under the constitutional provision

VOL. LXXXII.

[Columbus & Western Railway Co. v. Witherow.]

requiring corporations, in taking private property for public use, to "make just compensation for the property taken, injured or destroyed by the construction of their works, highways or improvements" (Art. xiv, § 7), as construed in the case of *City Council of Montgomery v. Townsend* (80 Ala. 489), a liability for consequential damages is imposed, resulting from the construction and improvement of streets and other works, which includes such alterations as are separate and distinct from the original taking or injury.

5. *Statutory provisions as to use of public roads by railroad corporations.* Railroad companies, incorp rated under the general law, have the right to cross, occupy, use or change public roads (Code, § 1842); but this provision does not extend to the streets of an incorporated city or town.

6. *Statutory proceedings condemning right of way; on whom binding.* Statutory proceedings, condemning the right of way for a railroad (Code, §§ 1831–40), are not binding on the owner of land who was not a party to them.

7. *Modification, or conditional dissolution of injunction.*—On motion to dissolve the injunction in this case, which sought to enjoin and restrain the construction by the defendant railroad corporation of an embankment in one of the public streets of an incorporated town, to the injury of the complainant's property abutting on the street; the court, balancing the probable injury to the respective parties which might be caused by the dissolution or continuance of the injunction, ordered a dissolution conditionally; requiring the railroad company to first deposit with the register an amount sufficient, as determined by him on a reference, to secure full indemnity to the complainant for the probable damage which might ensue to him from the continued prosecution of the work, and ordering the money so deposited to stand as security for such damages, subject to the control of the chancellor.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. HENRY A. SHARPE.

The bill in this case was filed on the 13th June, 1887, by R. W. Witherow, a non-resident, against the Columbus & Western Railway Company, a corporation organized under the general statutes (Code, §§ 1821–59) for the purpose, as declared in the articles of incorporation, of building a railroad between Goodwater (in Coosa county) and Birmingham; and sought to enjoin and restrain the defendant from the further construction of an embankment in one of the streets of the town of Leeds, known as Twelfth Avenue, on the ground that the embankment would be a public nuisance, and would greatly injure and depreciate the value of two lots owned by the complainant, which abutted on the avenue; and she filed her bill "on her own behalf, and on behalf of such other persons as may associate themselves herein, having a common interest in the objects of this suit." The bill alleged that the town of Leeds was duly incorporated under the general statutes of Alabama; that the avenues and streets of said town were dedicated to the public, "some three years ago, by J. A. Montgomery, who then owned the lands upon which they are located, and a large

number of lots in said town were sold by him, bounded by the streets and avenues so dedicated, and among them the two lots now owned by complainant; that the said streets and avenues so dedicated have been accepted by the public, but the fee in said streets was never conveyed to the said town of Leeds ; " and that she, complainant, " is the owner in fee of the lands in front of her said lots, to the middle of the said street, or avenue, subject to the right of the public to use it for the ordinary purposes of a street." It was alleged, also, that the defendant " has never paid, or offered to pay complainant, any compensation for the damages to her said property by the construction of said road, and there has been no agreement between them fixing the compensation to be paid complainant therefor."

An answer to the bill was filed by the defendant, denying the complainant's ownership of any part of the street in front of her lots, but admitting the dedication of the streets and avenues to the public use by J. A. Montgomery, who owned the property before the town of Leeds was incorporated, and who sold lots, prior and subsequent to the incorporation, laid off with reference to these streets and avenues ; admitting its intention to construct its road-bed along and through Twelfth Avenue, and to erect an embankment in front of complaint's lots, from eight to ten feet high ; claiming the right to do so under certain condemnation proceedings had before the incorporation of the town, and also by permission of the corporate authorities of the town ; and further claiming the right, under the general statutes, to use, cross and occupy any public road or highway. These proceedings for the condemnation of the right of way, it was alleged, were instituted on the 23d February, 1887, " against J. A. Montgomery, F. Y. Anderson, and G. B. West," and were carried by appeal into the Circuit Court, whereby damages were assessed by a jury, during the May term, 1887, which were paid by the respondent, and accepted by said Montgomery, Anderson, and West. It was alleged, also, that the town of Leeds was incorporated in May, 1887, " and thereafter took charge of the public roads within its corporate limits, including said avenue;" that the complainant purchased her lots, at what time is nowhere stated, with full knowledge of the dedication of the streets to the public use by Montgomery, and subject to all the rights therein acquired by the public. The answer denied that the respondent had committed any nuisance, which worked or could work any special damage to the complainant; and averred its pecuniary ability to pay any judgment for dam-

[Columbus & Western Railway Co. v. Witherow.]

ages which the complainant might recover in an action at law.

After answer filed, the defendant submitted a motion to dissolve the injunction, both for want of equity in the bill, and on the denials of the answer; and the decree overruling this motion is now assigned as error.

CHISOLM & WHALEY, for the appellant, cited *Fire Insurance Co. v. Stevens*, 87 N. Y. 287; *Jackson v. Hathaway*, 15 John. 447; *English v. Brennan*, 60 N. Y. 609; *E. & W. Ala. R. R. Co. v. E. T., Va. & Ga. R. R. Co.*, 75 Ala. 275; *Mayor of Baltimore v. Railroad Co.*, 21 Md. 50; *R. R. Co. v. Com.* 73 Penn. St. 38; *Randle v. Railroad Co.*, 65 Md. 325; 58 Penn. St. 249; *Perry v. R ilroad Co.*, 55 Ala. 421; *Kingsbury v. Flowers*, 65 Ala. 485; *St. James Church v. Arrington*, 36 Ala. 546.

SMITH & LOWE, *contra*, cited *Perry v. Railroad Co.*, 55 Ala. 424; Wood on Nuisances, 75; *Rembert & Hale v. Brown*, 17 Ala. 667; 75 Ala. 281; *City Council v. Townsend*, 80 Ala. 489.

SOMERVILLE, J.—The *prima facie* case made by the bill undoubtedly entitled the complainant to the relief of a court of equity, through the aid of an injunction, the purpose of which may be both protective and prohibitory. The allegations of the bill show, that the complainant is the owner in fee of two lots, in the town of Leeds—a municipality incorporated under the general laws of the State— and that said lots fronted or abutted on one of the public streets, known as Twelfth Avenue. The title was derived from one Montgomery, who, about three years previous, had laid off the town, and dedicated the streets and avenues for the ordinary uses to which such public highways are commonly devoted. The ultimate fee in such avenues or streets is averred to be in the complainant, subject to the public easement implied by such dedication. It is averred that the defendant railroad company is proceeding to construct a railroad track through the middle of such avenue, and to raise an embankment for that purpose, from eight to thirteen feet high, without the consent of complainant, or any proceedings of condemnation, or other authority of law; that this structure will cut her off from the business part of the town, and depreciate the value of her adjoining lots about fifty per cent., and thus constitute a public nuisance resulting in special injury to her.

1. Taking these facts to be true, the authorities are full

13

and numerous in support of the equity of the bill. Unless authorized by some law, in consonance with the provisions of the constitution, such use of the public streets of an incorporated town presumptively would be unauthorized by the original dedication, and would *prima facie* be a special damage to the complainant, which could be restrained by injunction at her instance, she being an adjacent property owner.—2 High on Injunc. (2d ed.), §§ 589, 598, *et seq.*; *Perry v. New Orleans Railroad Co.*, 55 Ala. 413; 2 Dillon Munic. Corp. (3d ed.), §§ 707, 708; *East & West Railroad Co. v. E. T., V. & G. R. R. Co.*, 75 Ala. 275; Mills on Eminent Domain, §§ 128-130; *Ala. & Fla. R. R. Co. v. Burkett*, 42 Ala. 83.

The court did not, for these reasons, err in refusing to dissolve the injunction, upon the alleged ground that the bill was wanting in equity. This we repeat, is plain, under the authorities.

2. It is insisted further, that the denials of the answer were such as to authorize a dissolution of the injunction; and this we proceed to consider. And pertinent to the inquiry, the settled rule is, that where the allegations of fact in the bill are positive, and the denial of them in the answer is merely upon information and belief, the answer will not warrant the dissolution of the injunction.—*Calhoun v. Cozens*, 3 Ala. 498. The answer can be considered, on a motion to dissolve the injunction, only so far as it is responsive to the allegations of the bill; and new or affirmative matter, not so responsive, but defensive in its nature, will not be considered for any purpose. Nor will the mere denial of legal conclusions properly deducible from the facts stated in the bill, avail anything. The denial must be of material facts alleged in the bill, and must be full, clear, and complete—without ambiguity, or equivocation. The material allegations must be denied, with the same clearness and certainty with which they, are charged.

3. The denials of the defendants answer do not come up to these requirements. In paragraph four of the answer, the denial of complainant's ownership in fee of the lots is merely on information and belief, without averring facts showing ownership in any other person. In paragraph seven it is admitted, on information and belief, that complainant had purchased the lots in question from one Montgomery, for the sum of one hundred dollars. On this motion, the latter admission is to be taken as true, and must prevail over the former insufficient denial.

This being true, it would follow, as an implied inference, that the complainant would also be the owner of the ulti-

[Columbus & Western Railway Co. v. Witherow.]

mate fee in the avenue adjacent to the lots, and to the centre of the highway. The property in the soil and freehold in the street would still be hers. This follows from the principle, that, in the absence of a statute to the contrary, a conveyance of land bounded by a public highway, or of lots in a city bounded by a public street, carries with it the fee to the centre of such road or street, as part and parcel of the grant; and the grantee has the exclusive right to the soil, subject to the right of way implied from the original dedication, whatever that right may be held to embrace, which varies with the decisions of the different courts.—2 Dillon on Munic. Corp. (3d ed.), § 633; *Perry v. New Orleans R. R. Co.*, 55 Ala. 413, 424; *Hinchman v. Patterson Horse R. R. Co.*, 17 N. J. Eq. (2 C. E. Green), 75; 3 Kent's Com. 432–3; Redfield on Railways, 159; *Bissell v. N. Y. Central R. R. Co.*, 23 N. Y. 61; *New Orleans R. R. Co. v. Jones*, 68 Ala. 48, 56; Mills on Eminent Domain, § 51, *et seq.* We may add, by way of remark, that the act approved February 28, 1887, requiring a plat or map to be prepared and recorded, under certain circumstances, where land is divided into town lots, does not apply to this case.—Acts 1886–87, p. 93.

The answer, it is true, denies that the complainant in this case owns the ultimate fee to the centre of the avenue, and alleges that it remained in Montgomery, the original grantor. But it fails to aver *facts* showing this to be true. It does not allege that, in making the conveyance to complainant, there was an express reservation of such fee in the grantor, made in the deed of conveyance; and nothing less than this, or its equivalent, would answer to rebut the legal inference to the contrary. The answer, therefore, contains nothing more than the naked denial of a legal conclusion, unsupported by facts. The bare denial in the answer that the complainant has suffered any damage is of the same nature, being the mere denial of a *prima facie* legal conclusion from facts stated in the bill.

4. But, apart from complainant's alleged ownership of the ultimate fee to the centre of the street, adjoining her lots, she is not necessarily without remedy in a court of equity, under the state of facts alleged in the bill. It is provided by section 7 of article 14 of our present constitution, that "Municipal and other corporations, and individuals, invested with the privilege of taking private property for public use, shall make just compensation for the property taken, *injured* or destroyed, by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction."—Const. 1875, Art. XIV, § 7. In the recent

case of the *City Council of Montgomery v. Townsen⁊*, 80 Ala. 489 (s. c., 2 So. Rep. 155), we construed this clause with much care ; and it was held to impose on municipal corporations a liability for consequential damages, in the construction and improvement of their streets, from which they would have been exempt in the absence of such constitutional provision. This liability is restricted to " the damage resulting from the construction or enlargement" of works, highways, or improvements of such corporations, which includes such alterations as may be regarded as " separate and distinct uses of the right of eminent domain," as distinguished from the first or original taking or injury. What consequential damages fall within this rule, is often a question of difficulty. It may arise in a certain aspect of the proof, upon the final hearing of this cause ; but we need not dwell on it here, as the decision of the case before us does not necessarily require it. Admitting the fee of the street to be vested in another than the complainant, a *prima facie* case of recovery seems to be made by the facts alleged in the bill, liable to be rebutted by contradictory testimony.

5. The defendant, in our judgment, can derive no license to construct its road through an incorporated town, by virtue of section 1842 of the Code of 1876. That section applies only to such public works or highways as are under the control of the court of County Commissioners. The streets of the town of Leeds were under the supervisory regulation of its municipal authorities.—Code, 1876, § 1782.

6. Nor is this view affected by the fact, that the defendant company had undertaken to condemn this right of way, as alleged in the answer, prior to the incorporation of such town ; because the complainant was not a party to such proceeding, and as to her, such attempted condemnation "was as if it had never been— an absolute legal nullity." *Owen v. Bankhead*, 76 Ala. 143 ; *Hunt v. Acre*, 28 Ala. 580. Such alleged proceeding, moreover, is new affirmative matter, defensive in its nature, and not responsive to the allegations of the bill ; and, for this additional reason, can not be considered on a motion to dissolve an injunction.

The court did not err, in refusing to dissolve the injunction on the denials of the answer.

7. The peculiar equities of the case, however, authorize a modification of the injunction, such as will do exact justice to both parties litigant. The proceeding is one in restraint of a public work of great utility—the construction of a railroad—thus presenting a case in which injunctions are granted with great caution. Delay in the construction of the work may operate very oppressively against the defend-

ant, as well as result in great injury to the public. Courts very often, in such cases, balance the question of damages to the one party, and that of benefit to the other, resulting from the maintenance of the injunction, on the one hand, and its dissolution on the other, and refuse to take any action which will cause great injury to one party, and probably be of serious detriment at the same time to the public, without corresponding advantage to the other party.—1 High on Injunc. (2d ed.), § 598; *East & West R. R. Co. v. East Tenn., V. & G. R. R. Co.,* 75 Ala. 295; *Torrey v. Camden R. R. Co.,* 18 N. J. Eq. 293. This case does not present the facts in such shape as to require us to act on this rule. We deem it better to make an order dissolving the injunction, on condition that the defendant shall first deposit with the register of the court below a sum of money which shall be sufficient to secure a full indemnity for the probable damage that may ensue to complainant's property, by reason of the construction of said railroad track, as described in the bill. For this purpose, a reference will be made forthwith to the register, under the direction of the judge of the City Court, acting as chancellor, to take testimony bearing on this preliminary question, and furnishing all the necessary facts from which the proper estimate can be made. The defendant will pay into the registry of the court a sum of money equal to this estimated amount of damages, to be safely kept to abide the result of the suit. This will be a security for the pre-payment of compensation for the damage done, such as will conform to our constitutional requirements. When this order is obeyed, and the result reported to the judge ·of the City Court, the injunction shall be dissolved. Nor will it at all interfere with the power of the chancellor to direct an issue to be made up for final determination by a jury, of the amount of damages to which complainant may be entitled, if any, on final hearing of the cause. The fund so deposited will be held as security for such amount, subject to the control of the chancellor.

The decree is reversed, and a decree will be rendered in this court in accordance with the foregoing opinion.