# Jackson *v.* Jackson.

*Bill in Equity for Injunction of Judgment at Law.*

1. *Dissolution of injunction, on denials of answer; whether answer is responsive, or in nature of confession and avoidance.*—When the bill

[Jackson v. Jackson.]

avers facts, the burden of proving which is on the complainant, and a sworn answer is made on knowledge, expressly and unequivocally denying those facts, the general rule requires a dissolution of the injunction; but this rule is not universal, and it does not apply to an answer which, though in form a denial, states facts in the nature of confession and avoidance, the burden of proving which is on the defendant; as, where the bill is filed by administrators, against the intestate's widow, seeking to enjoin an action at law brought by her against a partnership of which one of them is a member, to recover a sum of money deposited by her with the firm, and alleges that the money in fact belongs to the intestate's estate, but is claimed by her under an alleged gift in his life-time, an answer on oath, denying the estate's ownership of the money, and asserting the gift, is in the nature of confession and avoidance, and does not justify a dissolution of the injunction.

2. *Jurisdiction of equity as affected by statutory remedies at law.*—The original jurisdiction of courts of equity is not taken away or impaired by statutory provisions enlarging the jurisdiction of courts of law, and giving new remedies in recognition or enforcement of equitable rights and interests, unless the statute contains words of prohibition.

3. *Interpleader at law.*—When money is deposited by an intestate's widow with a partnership, one member of which is also one of the administrators, and, being afterwards claimed by them as belonging to the estate, she brings an action against the partnership, the conflicting claims to the money can not be determined by an interpleader at law (Code, § 2610), and the administrators may enjoin the action by bill in equity.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 6th September, 1887, by Felix E. Jackson and Frank Jackson, as administrators of the estate of Aristides E. Jackson, deceased, against Mrs. Elizabeth Jackson, who was the widow of said intestate; and sought to establish complainants' right to a sum of money, which Mrs. Jackson had deposited with Jackson Brothers, a partnership composed of said Felix E. Jackson and another, and to enjoin an action at law which she had brought against the partnership to recover it. After answer filed, the defendant moved to dissolve the injunction, both on the denials of the answer, and for want of equity in the bill; and the appeal is taken from the decree overruling and refusing the motion. The case was decided in May, 1888, but it has never been reported, the transcript having been lost or mislaid.

McCLELLAN & McCLELLAN, and O'NEAL & O'NEAL, for the appellants.

SIMPSON & JONES, contra.

STONE, C. J.—Aristides E. Jackson died, intestate, in January, 1887, and in March afterwards the appellees were ap-

[Jackson v. Jackson.]

pointed administrators of his estate. Felix E. Jackson and Andrew Jackson were partners in trade in the firm name of Jackson Bros. Soon after the death of intestate, Mrs. Elizabeth Jackson, his widow, deposited with Jackson Bros. eight hundred and eighty dollars, as her own money, and took their receipt therefor. Subsequently she demanded the money of them, but they refused to pay it to her, on the ground, as they alleged, that the money was claimed as part of the assets of the estate of the intestate, and was not hers. She thereupon instituted an action at law against them, for the recovery of the money she had so deposited with them. Felix E. Jackson, one of the administrators, is the same Felix E. Jackson who is a member of the firm of Jackson Bros.

The present bill was filed by the administrators. It asserts that said money is the property of the estate of Aristides E. Jackson; that Mrs. Jackson claims it under an alleged gift made by her husband to her in his life-time; denies that such gift was made, and prays an injunction against her suit at law. It charges that she is insolvent. A temporary injunction was awarded. The foot-note waives answer under oath.

Mrs. Jackson filed a sworn answer. She admitted that, without the eight hundred and eighty dollars, she is insolvent. She denies the averment of the bill that she took the money without authority, and avers that her husband gave it to her in his life-time. She demurred to the bill, mainly on the ground that complainants had an adequate remedy at law; to be particularly noticed further on. A motion was made to dissolve the injunction,—first, for want of equity in the bill; and, second, on the denials contained in the answer. The chancellor overruled the motion to dissolve, and from that ruling the present appeal is prosecuted. We will first consider the question of the denials in the answer.

When the bill avers facts, the burden of proving which is entirely on complainant, then, if the sworn answer is made on knowledge, and contains an unequivocal denial of the charges on which the right to an injunction rests, the general rule is, that the injunction must be dissoved on the denials in the answer.—3 Brick. Dig. 352, § 303. But even this rule is not universal.—*Satterfield v. John*, 53 Ala. 127; *Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Davis v. Sowell*, 77 Ala. 262.

The present case, however, does not fall within the class described above. Under the averments of the bill, the burden of disproving the alleged gift from intestate to his wife does not rest on complainants. On the contrary, stated as the question is in the bill, it was for her to satisfy the court, by proof, that the gift had been made to her. The answer, on

this point, is in the nature of a confession and avoidance, and will not avail to dissolve an injunction.—*Rembert v. Brown,* 17 Ala. 667; *Miller v. Bates,* 35 Ala. 580.

The chancellor did not err in refusing to dissolve the injunction on the denials in the answer.

The second ground taken in demurrer is, that complainants had an adequate remedy at law, and therefore the bill is without equity. The remedy claimed in argument is what is known as our statutory provision for interpleader at common law. Code of 1886, § 2610. Possibly, a sufficient answer to this argument is, that the enlargement of the jurisdiction of the courts of law, or the recognition or enforcement by them of equitable rights and interests, even when conferred in terms by statute, does not, in the absence of statutory prohibition, take away or impair the original jurisdiction of the Chancery Court.—*Lee v. Lee,* 55 Ala. 590; *Westmoreland v. Foster,* 60 Ala. 448.

We hold, however, that the statute invoked is not adapted to such a case as this. The double relation which Felix E. Jackson sustains to the transaction, incapacitates him to seek redress under it. It can scarcely be said that F. E. Jackson, administrator, is not a party to a suit against F. E. Jackson; and he surely could not make oath that he, in the one capacity, is not in collusion with himself in the other. Other clauses of the statute might be commented on, but we deem it unnecessary. Section 2611, Code of 1886, is not suited to a suit on a moneyed demand.

We hold that the bill contains equity, and that the chancellor did right in retaining the injunction until the hearing on the merits.—*Farris v. Houston,* 78 Ala. 250.

Affirmed.