# Mabel Mining Co. *v.* Pearson Coal & Iron Co.

## *Motion to Dissolve Injunction.*

1. *Injunction; how answer regarded on motion to dissolve.*—On a motion to dissolve an injunction the answer can be regarded only so far as it is responsive to the allegations of the bill; the denial must be of material facts alleged in the bill and must be full, clear and complete, without ambiguity or equivocation; new or affirmative matter not responsible but defensive in its nature will not be considered for any purpose.

2. *Latitude allowed chancellor on motion to dissolve temporary injunction.*—On a motion to dissolve a temporary injunction great latitude of discretion is left with the chancellor. It is proper for him to consider and weigh the relative degree o injury or benefit to the complainant and respondent which may follow from the continuance of the injunction on the one hand, or its dissolution on the other, and if less damage and injustice would probably result from a continuance of the injunction than from its dissolution, a wise exercise of the discretion would be to continue the injunction to await the final hearing.

3. *Same; sparingly used; amount of bond.*—The writ of injunction being an extraordinary remedy is always to be sparingly used, and the bond required in each case should not only be such as to prevent an abuse of the remedy, but also reasonably commensurate with the probable costs and damage to the defendant in the event of its dissolution.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was by Pearson Coal & Iron Co. for injunction and relief. The injunction prayed for was granted and motion was made by the defendants to dissolve it. This motion was denied and from the decree overruling it this appeal is taken.

A. A. COLEMAN and EMORY C. HALL, for appellant.— (1). Allegations in the answer that are responsive to the bill although of an affirmative character may be considered on motion to dissolve an injunction.—*Cornelius v. Post,* 9 N. Y. Eq. 196; *Farris & McCurdy v. Houston,* 78 Ala. 250; *Buchanan v. Buchanan,* 72 Ala. 55. (2). Although the answer contains admissions yet if averments in the bill are denied which if taken from the bill would divest it of every equity on which relief can be based the injunction should be dissolved.—10 Ency. Pl. & Prac., p. 1067; *Hudson v. Crutchfield,* 12 Ala. 433; other cases cited are *Jackson v. Jackson,* 91 Ala. 292; *New York v. Fotch,* 1 Paige 97; *Livingston v. Livingston,* 6 John. Ch. 497; *Kellar v. Bullington,* 101 Ala. 267; *Bowling v. Crooke,* 104 Ala. 130.

R. H. PEARSON, *contra,* cited, 87 Ala. 185; 67 Ala. 353; 100 Ala. 148; 82 Ala. 190; 89 Ala. 493; 102 Ala. 454.

DOWDELL, J.—This appeal is taken from the decree of the chancellor overruling a motion by appellant to dissolve the temporary injunction granted in the cause. The allegations of the bill are to the effect, that the complainant and defendant, both private corporations, are adjacent owners of certain described mineral lands; that the defendant company, without the consent and authority and against the protest of the complainant company, is trespassing upon the lands of complainant and with a large force of men is mining and taking coal therefrom; that the same is being done in such a manner as to throw the water from defendant's mines in and upon the mineral lands of complainant, thereby rendering the same valueless; that complainant has already suffered great damage, and will suffer irreparable in-

[Mabel Mining Co. v. Pearson Coal & Iron Co.]

jury unless the defendant is restrained. The prayer is for injunction, and for accounting for damages already done.

These averments are sufficient to give the bill equity. High on Injunctions, § 730. But this we need not further discuss as the equity of the bill, based upon the truth of its allegations, is not questioned. The only question we have to deal with, is whether the chancellor erred in refusing to dissolve the injunction upon the denials contained in the answer.

The defendant's answer admits the averments contained in the first, second, third and fourth paragraphs of the bill. Proceeding to answer the fifth and sixth paragraphs of the bill, the defendant says: "In answer to the fifth and sixth paragraphs of said bill, said defendant denies the facts there in set forth, and while there are some few allegations therein which may contain some truths, the entire contents thereof, in the manner and form thereof, as therein stated, are wholly untrue and are hereby denied, and in lieu thereof and in contradiction thereof, the defendant avers the facts and the truth to be as follows, to-wit:" and then follows a statement of the defendant's side of the case, with a denial of some of the facts charged in the bill, while as to other facts charged matters in confession and avoidance are set up. Parts of the answer also, are statements of affirmative matter not responsive to the bill. In its denials the answer is inconsistent or evasive and far from being direct and positive. It says, "some few allegations in the fifth and sixth paragraphs contain some truths." Which allegations are true, and which untrue? Unless informed by the answer, this question must remain unanswered, and the court be left to indulge in speculation. The defendant does, however, follow this with the statement, "the entire contents thereof (i. e. paragraphs 5 and 6), in the manner and form thereof, as therein stated, are wholly untrue, etc.," but this presents an inconsistency in averments, and (when we look to the statements of facts as charged in the bill) renders the answer in its nature evasive. Following this general denial in the answer, the defendant proceeds to answer certain specified

charges of the bill with a qualified denial.  In that por-
tion of the answer wherein the defendant undertakes to
state the true history of the facts, it is denied that the
defendant has mined from the complainant's land the
amount of coal charged in the bill, but the mining of a
smaller quantity is admitted.  Again, the denial is not
full as to the flow of water upon complainant's land as
charged in the bill.  In respect to this, the answer is as
follows:  "That while it is true and admitted that the
water in process of mining in both mines in section 12
and 13 flows southward, it is wholly untrue as stated,
that by reason of anything done by defendant, in the
making of said entries that water overflows the mines
or works or lands of orator; and it is equally untrue
that the water could penetrate or flood or injure the
mines of orator, *unless orator should willfully, negli-
gently and foolishly drive its entries into the opening
and mines of the defendant.*  No damage can
there possibly arise to orator except by its own
wrong and folly."  It is clearly admitted from
this statement that the water from the defend-
ant's mines would flood and injure the mines
of complainant, but that such could only occur
by reason of what, in the opinion of the defendant, would
be the folly of complainant.  For aught that appears
from this *denial,* nothing that complainant might do to
operate and utilize its mines, would escape the defend-
ant's criticism of "complainant's folly."  Such denials
as these, are not characterized with that degree of
directness and positiveness, necessary to overcome the
allegations of fact in a sworn bill containing equity,
and to work a dissolution of the temporary injunction.

Affirmative matter or matter in confession and avoid-
ance set up in the answer cannot be considered upon a
motion to dissolve the injunction.  The contract which
is made a part of the defendant's answer, as an exhibit,
and upon which the defendant excuses the wrongs
charged against it in complainant's bill, is affirmative
matter, not responsive to the bill, and cannot be looked
to in determining the motion to dissolve.  "It is a well
settled rule that upon a motion to dissolve an injunc-
tion, the answer can be regarded only so far as it is re-

sponsive to the allegations of the bill."—*Rembert & Hale v. Brown,* 17 Ala. 670; *Farris & McCurdy v. Houston,* 78 Ala. 250. In the case of the *C. & W. R. R. Co. v. Withrow,* 82 Ala. 194, this court uses the following language: "The answer can be considered, on a motion to dissolve the injunction, only so far as it is responsive to the allegations of the bill; and new or affirmative matter, not so responsive, but defensive in its nature, will not be considered for any purpose. Nor will the mere denial of legal conclusions properly deducible from the facts stated in the bill, avail anything. The denial must be of material facts alleged in the bill, and must be full, clear and complete—without ambiguity or equivocation." An answer, though in form a denial, which states facts in the nature of a confession and avoidance, will not avail to dissolve an injunction.—*Jackson v. Jackson,* 91 Ala. 292.

In cases of this character, the question of the solvency or insolvency of the defendant, is immaterial. "In trespasses to mining property greater latitude is allowed courts of equity than in restraining ordinary trespasses to realty, since the injury goes to the immediate destruction of the minerals which constitute the chief value of this species of property. Where, therefore, the trespass consists in the removal of ore from the complainant's mines, the legal title being clearly established in complainants, they are entitled to an injunction, even though an action at law would lie."—High on Injunctions, § 730; *Chambers et al. v. Ala. Iron Co.,* 67 Ala. 353.

The proposition of law, however, is well settled, that upon a motion to dissolve the temporary injunction, great latitude of discretion is left with the chancellor. It is proper for him to consider and weigh the relative degree of injury or benefit, to the complainant and respondent, which may follow from the continuance of the injunction on the one hand, or its dissolution on the other, and if less damage and injustice would probably result from a continuance of the injunction, than from its dissolution, a wise exercise of the discretion would be to continue the injunction to await the final hearing. *Turner v. Stevens,* 106 Ala. 546; *Jackson v. Jackson,* 91 Ala. 292; *Harrison v. Yerby,* 87 Ala. 185; *P. & M. Bank v. Laucheimer,* 102 Ala. 454.

[Gwin et al. v. National B. & L. Association.]

Testing the answer in this case by the foregoing principles, we think the chancellor was right in denying the motion to dissolve the temporary injunction.

The appellant complains that the chancellor committed error in refusing appellant's, (respondent in court below) motion to require complainant to give a larger bond. The appeal in this case is taken under the statute, from an interlocutory decree, on the motion to dissolve the injunction, and this is the only question properly before us for consideration and decision. It will, however, not be improper for us to say, that we think the bond in this case was fixed in too small a penalty. The object and purpose of the bond being to protect the defendant from any wrongful interference with his rights, and to reimburse him for all damages and costs incurred by reason of an injunction improperly issued, the probable damage to defendant by reason of the injunction, in the event of its dissolution, should always be an important element of consideration in determining the penalty of the injunction bond. No fixed rule can be laid down, but as the writ of injunction is always to be sparingly · used, because it is an extraordinary remedy, the bond required in each case should be not only such as to prevent an abuse of the remedy, but also reasonably commensurate with the probable costs and damage to the defendant in the event of its dissolution.

We find no error in the record and the decree of the chancellor is affirmed.