# The City Council of Montgomery v. Lemle.

121 609
131 669

121 609
134 228

*Bill in Equity to Enjoin City Authorities.*

1. *Eminent domain not to be exercised till compensation is paid.* Under our constitution no property can be taken or injured in the exercise of the power of eminent domain until compensation is first made to the owner.

2. *Injunction to restrain corporation in the exercise of eminent domain.*—If the effort is made by a municipal corporation in the exercise of the power of eminent domain to seize property or to do injury to it, before compensation is made to the owner, a court of equity will restrain the corporation by injunction, without regard to its solvency or insolvency or the remedy at law of the property owner to recover damages.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.
L. Lemle brought his bill and averred that he was the owner of a certain lot of land in the City of Montgomery with the building thereon; and that the municipal authorities were proceeding to change the grade of the street on which his house abutted, and to this end was raising the sidewalk along his building, and if allowed

to proceed would do him great damage; that no legal proceeding had been taken as provided by law to condemn his property, and the corporation was insolvent. Injunction was prayed for and issued. The defendant answered the bill and moved to dissolve the injunction and to dismiss the bill for want of equity. From the decree overruling this motion the defendant appealed. Affirmed.

GRAHAM & STEINER, for appellant.—It conclusively appears in this case that the injury to the complainant can be measured at law, and the damage is not irreparable. Injunction will not lie.—*McBryde v. Sayre,* 86 Ala. 458; *Clifton Iron Co. v. Dye,* 87 Ala. 468; *Winter v. City Council of Montgomery,* 93 Ala. 439.

GORDON McDONALD, *contra.*—The constitution of this State requires that just compensation be made in advance for property taken or injured in the exercise of the right of eminent domain.—*Columbus & Western Ry. Co. v. Witherow,* 82 Ala. 190.

McCLELLAN, C. J.—Under constitutional guarantees the property owner has an absolute right to compensation for property proposed to be taken and for injuries proposed to be done to property in the exercise by a municipal corporation of the right of eminent domain before the property is taken or the injury to the property is done; and to the effectuation of this right, he has a remedy in equity, by invoking the injunctive aid of a court of chancery wholly regardless of the solvency or insolvency of such corporation, and of the inquiry whether he could recover and realize compensatory damages in an action at law or not. It is the expressed intent of the organic law that no property shall be taken or injured until the owner is compensated therefor, and every consideration of public policy and of abstract right requires that this intent should be strictly conserved by the courts, whether in a given case the owner would have a remedy at law for the damages resulting to him from the contemplated taking or injury or not.—Const. Art. 14, § 7; *East & West. Railroad Co. v. East Tenn. Va. & Ga. Railroad Co.,* 75 Ala. 275.

[Straughn v. Richards.]

The case of *Winter v. City Council of Montgomery* is not on the point involved in the case at bar.

The bill makes a case for the injunctive relief prayed on the principle above stated, the answer does not deny any fact material to complainant's right to that relief, and the decree overruling respondent's motion to dismiss the bill for want of equity and to dissolve the injunction must be affirmed.