[Niehaus & Co. et al. v. Cooke.]

# Niehaus & Co. et al. v. Cooke.

## Bill in Equity for an Injunction.

1. *Improvement of sidewalk of municipality; can not injure adjoining property without first making compensation therefor; bill in equity for injunction.*—A municipality, or the contractors for the making of such improvement, can not, in paving a sidewalk, injure a stone wall or other fences inclosing a lot abutting upon said sidewalk, without first making just compensation to the owner of said property for such injury; and a bill filed by such owner seeking to restrain the doing of such work, without paying to the complainant the damages incident thereto, contains equity.

2. *Injunction; when dissolution thereof upon the denial of the answer within the discretion of the chancellor.*—Where a bill seeking an injunction is filed against a non-resident, as to whether or not a preliminary injunction issued should, upon the denials of the answer, be dissolved, is addressed to the discretion of the chancellor who should weigh the relative degree of injury to the parties, which would probably ensue from the maintenance of the injunction on the one hand, and its dissolution on the other.

3. *Bill for dissolution of injunction; insufficiency of affidavit attached to answer.*—Where a bill seeking an injunction is filed against a city, and individuals who have entered into a contract with said city to do a certain work, and the defendants jointly file a sworn answer denying the grounds upon which the injunction is asked, an affidavit attached to said answer which is signed by the mayor of the city and simply states "that the statements contained in the foregoing answer that are stated as of knowledge [he, the affiant] knows to be true, and that those stated on information he believes to be true," is an insufficient verification of said answer.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Stockton Cooke, against the appellants, B. Niehaus & Co., a firm composed to B. Niehaus and J. G. Piraldo, and

B. Niehaus and J. G. Piraldo individually, and the city of Sheffield. It was averred in the bill that the complainant was the owner in fee of two certain described lots in the city of Sheffield, which fronted upon what is known as Montgomery avenue in said city; that at the time he had purchased said lots there had been constructed by the former owner thereof, in accordance with the requirements and ordinance of the city of Sheffield, a sidewalk in front of said lots on Montgomery avenue, on the grade established by the authorities of said city, properly curbed and covered with chert and gravel; that after the complainant became the owner of said property, in compliance with the ordinance of said city, he covered the sidewalk at his own expense with additional chert or gravel; that said sidewalk has been ever since and is now, proper and convenient sidewalk for the use of the public, and the owner of said property, and is sufficient and proper for all uses and purposes; that when said sidewalk was constructed by the owners of said lots it became necessary for said owner to construct on one of the lots and contiguous and along the side of said sidewalk, for the full front of said lot, a stone wall at great expense, which said wall was being used as a means of inclosing complainant's lot; that some time in the year 1901 the city of Sheffield, by its city council, passed an ordinance whereby the owners of certain property, including the lots described in the bill, were required to lay concrete pavement in front of their property in accordance with certain specifications in said ordinance; that in order for the complainant to comply with said ordinance, it would be necessary to destroy and greatly injure the sidewalk theretofore built by the complainant and the former owner of the property, and the construction of said sidewalk "will also greatly injure and in case of caving, partially destroy the said stone wall inclosing the lot of complainant, upon which it is built, and will otherwise greatly injure the complainant's property." It was then averred in the bill that the said city of "Sheffield and the city council thereof are wholly without authority to pass

[Niehaus & Co. *et al.* v. Cooke.]

and enforce the ordinance referred to; that the same was beyond the authority and powers of said city, was in violation of the constitution of the State and the constitution of the United States and was wholly null and void; that the city of Sheffield is seeking by and under said ordinance to take, injure or destroy the said property of complainant in said sidewalk and stone wall inclosing its premises without compensation to complainant in such injury or destruction, and without any proceeding having been taken to ascertain what compensation to your orator would be just therefor." It was then averred in the bill that in the year 1902 the city of Sheffield entered into a contract with the defendant, B. Niehaus & Co., for the construction and laying with concrete of the sidewalks mentioned in said ordinance at the expense of the owners of the property before which the sidewalks were proposed to be laid, which included the property of the complainant; that no resident security has been taken for Niehaus & Co., and the persons who composed said firm are each nonresidents of the State "having no substantial property in said State and are unable to respond in said State to any judgment against them for damages, nor could any final process from any of the courts in and of this State reach any property of the said defendants." It was then averred that said Niehaus was threatening to go upon the property in front of complainant's property with labor and teams and destroy or injure said complainant's sidewalk, remove the gravel and chert which had been place thereon, injure the stone wall inclosing the complainant's said lot, without any compensation to said complainant and unlawfully and in violation of complainant's rights; and are seeking, under their alleged contract with the city of Sheffield to create and fasten a charge or lien or incumbrance on the complainant's said lots; and that complainant is wholly remediless at law.

The prayer of the bill was for an injunction restraining and enjoining the defendants and each of them, or their servants, agents and officers "from injuring or destroying the sidewalk in front of said lots   *   *   *

15c

or the curbing thereof, or the stone wall inclosing the premises of your orator." There was also a prayer for general relief.

Upon the filing of this bill a preliminary injunction was issued upon the complainant giving bond as required by law.

The defendants, B. Niehaus & Co., and B. Niehaus and J. G. Piraldo, individually, and the city of Sheffield, filed a joint answer to the bill. In this answer they admitted the passage of the ordinance of the city, the making of the contract between the defendants, and that the sidewalk of chert or gravel had been built in front of the complainant's lots, and that there was a stone wall around one of said lots; but the defendant's deny that said sidewalk was built according to the established grade and was a proper and convenient sidewalk. They further deny that the changes required by said ordinance in front of said lots "would in no way destroy or injure said sidewalk or the interests of complainant therein, but they allege the fact to be that a compliance with said ordinance would greatly improve the sidewalk," and will enhance the value of complainant's property. Defendants further deny that the city of Sheffield was without authority to pass and enforce said ordinance, or that the same was in violation of the constitution of the State and of the United States, and they further deny that the defendants are seeking to take, injure or destroy any of the property of the complainant, or that complainant is entitled to any compensation growing out of the work contemplated by such ordinance.

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently shown in the opinion.

This answer was sworn to by an affidavit made before a notary public, which was in words and figures as follows: "Before me, Joseph R. Coleman, notary public in and for the State and county aforesaid, personally appeared R. J. Thurmond, Jr., mayor of the city of Sheffield, who being by me duly sworn deposes and says that the statements contained in the foregoing

answer that are stated as of knowledge he knows to be true and that those stated on information and belief he believes to be true. [Signed.] R. J. Thurmond, Jr., Mayor."

There was a motion made to dissolve the injunction for the want of equity in the bill and upon the denials in the answer; and upon the submission of the cause upon tehis motion the chancellor rendered a decree overruling it. From this decree the respondents appeal, and assign the rendition thereof as error.

KIRK, CARMICHAEL & RATHER, for appellants, cited 24 Am. & Eng. Ency. Law; 39 Am. & Eng. Ency. Law, 74, 80, 91; Acts of 1892-3, p. 144; *Montgomery v. Townsend*, 80 Ala. 492.

THOS. R. ROULHAC, *contra.*—The Sheffield ordinance is unconstitutional because in imposing the burden no measure is furnished for ascertaining the damage or benefit.—Const. of Alabama, 1875, Art. XIV, § 7; Art. XII, §§ 223, 235; *Montgomery v. Foster*, 133 Ala. 587.

The additional burden on property imposed against the act of the owner is a taking or injury.—*Montgomery v. Townsend*, 80 Ala. 492; *Montgomery v. Maddox*, 89 Ala. 166-7-8; *M. & C. R. R. Co. v. B. S. & T. R. R. Co.*, 96 Ala. 577, 579; *Norwood v. Baker*, 172 U. S. 269; *Montgomery v. Birdsong*, 126 Ala. 651; *Mayor v. Klein*, 89 Ala. 461; *Pimpelly v. Green Bay Co.*, 13 Wall. U. S. 166; *Montgomery v. Foster*, 133 Ala. 587.

Where no means for ascertaining the injury and damage and assessing compensation is provided in the charter or paving act of the legislature, there is not due process of law for taking a citizen's property. *Lent v. Tillson*, 140 U. S. 316; *Wilburn v. McCalley*, 63 Ala. 436; *Head v. Amoskeag Co.*, 113 U. S. 26; *Hogan v. Reclamation District*, 111 U. S. 713-4-5; *Pearsons v. Yewdall*, 95 U. S. 296; *Pumpelly v. Green Bay Co.*, 80 U. S. 166.

Due process of law signifies an opportunity to be heard and determination on evidence.—*Simon v. Croft*, 182 U. S. 434-5-6; *L. & N. R. R. Co. v. Schmidt*, 177 U. S. 230; *Simon v. Craft*, 118 Ala. 636.

TYSON, J.—This appeal is prosecuted from a decree overruling a motion to dissolve an injunction because of want of equity in the bill and upon the denials in the answer. There is much averred in the bill challenging the right of the respondents to tear up the chert and gravel upon the sidewalk fronting the property of complainant which was placed there by him and his predecessor in ownership of the lots. Whatever may be the rights of the respondents with respect to this matter, a question we do not decide, if it be conceded that they have such a right, it is entirely clear that they have no right to *injure* the stone wall enclosing the lot belonging to the complainant in the prosecution of the construction or enlargement of the improvements proposed to be put upon the sidewalk, without first making just compensation for such injury.—Const. (1875), Art. 14, § 7; Const. (1901), Art. 12, § 235; *City Council of Montgomery v. Maddox,* 89 Ala. 181; *Town of Avondale v. McFarland,* 101 Ala. 381; *City Council of Montgomery v. Lemle,* 121 Ala. 609. And to the effectuation of preserving the complainant's right to the compensation, guaranteed to him by the constitution, to be paid to him before the injury is done, he has a remedy in equity, "by invoking the injunctive aid of a court of chancery wholly regardless of the solvency or insolvency of the municipal corporation and of the inquiry whether or not he could recover and realize compensatory damages in an action at law."—*City Council of Montgomery v. Lemle, supra.* The bill is not without equity.

Should the injunction have been dissolved upon the denials in the answer? "When a bill avers facts, the burden of proving which is entirely on complainant, if the sworn answer is made on *knowledge* and contains an unequivocal denial of the charges on which the right to an injunction rests, the general rule is that the injunction must be dissolved on the denials in the answer.—3 Brick. Dig., 352, § 303. But even this rule is not universal.—*Jackson v. Jackson,* 91 Ala. 294. In cases of this character this rule is more flexible, yielding more to the particular circumstances, and the chan-

cellor has a large discretion over the subject, and notwithstanding the denials of the answer, may retain the injunction until a final hearing of the cause.—*Chambers v. The Ala. Iron Co.,* 67 Ala. 353; *Mabel Mining Co. v. Pearson Coal & Iron Co.,* 121 Ala. 567; *Birmingham Traction Co. v. Birmingham Railway Co.,* 119 Ala. 129. In *Harrison v. Yerby,* 87 Ala. 185, the exception to the general rule was recognized and enforced, and in weighing the relative degree of injury or benefit to the parties which would probably ensue from the maintenance of the injunction on the one hand and its dissolution on the other, the court was controlled to a large extent by the fact that one of the respondents was a non-resident of this State. In the bill in this cause, it is averred that the two respondents who were about to actively begin the tearing away the chert or gravel on the sidewalk and to injure the complainant's lot "are non-residents of the State of Alabama, have no substantial property in this State and are unable to respond in this State to any judgment against them for damages; nor could any final process from any of the courts of and in this State reach any property" of theirs. The answer admits their non-residence, and the allegation that they have no substantial property in this State. It is true it denies their inability to respond to any judgment that may be rendered against them. We are of the opinion that this circumstance is a sufficient justification of the discretion exercised by the chancellor as to those respondents. As the motion to dissolve was joint, as is likewise the appeal and the assignments of error, the decree being proper as to two of the respondents, it must be held proper as to the other respondents without regard to whether it is right or wrong.

But another reason may be assigned justifying the action of the chancellor. It is undoubted that the motion to dissolve the injunction on the denials in the answer could not be entertained by the chancellor unless the answer was sworn to.—Rule 32 Ch. Prac., p. 1209 of Code. And the answer of a corporation is not an exception to the rule.—*M. & M. R'y Co. v. Ala. Mid. R'y Co.,* 12? Ala. 163. The manifest purpose of this re-

quirement is to give to the denials in the answer relied upon to defeat the equities of the bill, the weight and credence of evidence of their truth, upon which the chancellor is called upon to act. The credence which is to be given this evidence necessarily depends upon the knowledge possessed by the affiant making the verification, of the facts alleged. It is apparent from the allegations of the answer that facts without reference to whether they were within the knowledge of one respondent and not in the knowledge of the other except upon information gained from the other, are indiscriminately alleged as upon the knowledge of all the respondents. To illustrate, to the charge made in the bill that Niehaus and Piradlo are threatening with laborers and teams to injure the stone wall enclosing complainant's lot, the respondent's answer, after admitting that Niehaus and Piraldo intended to go upon the sidewalk in front of complainant's property with laborers and teams, denies that they threatened or intended in any way to injure the wall. It was impossible for the city or rather its representatives, to know these facts, except upon information derived from Niehaus and Piraldo. The agent of the city representing it in the preparaion of the answer, could not, therefore, state positively and primarily the existence of those facts. Furthermore, the respondent, the city of Sheffield, being a corporation, acting, of necessity, in all matters by and through an agent or agents, can have no knowledge of any fact, except through its properly accredited agent and, for that matter, could not make an answer in any other way. The answer does not disclose who its representative was, in making the statements contained in it, or that he was acquainted with the facts stated. Nor are we aided in this matter by the affidavit. If the affiant who made the verification represented the municipality in making the statement of facts contained in the answer, this is not shown by the affidavit, nor is it shown by the affidavit that he was acquainted with the facts. It was said in *The Fulton Bank v. The N. Y. & T. Canal Co.*, 1 Paige, 311 (cited approvingly in *Griffin v. The State Bank*, 17 Ala. 258): "The case

[Niehaus & Co. *et al.* v. Cooke.]

of a corporation defendant is an anomaly in the practice in relation to the dissolution of an injunction. In most cases, the injunction is dissolved as matter of course, if the answer is perfect and denies all the equities of the bill in the points upon which the injunction rests. It is not, however, a matter of course to dissolve the injunction where the defendant acts in a representative character and founds his denials of the equity of the bill upon information and belief only * * *. But no dissolution of the injunction can be obtained upon the answer of a corporation, which is not duly verified by the oath of some officer of the corporation, or other person who is acquainted with the facts contained therein."

The fact that Niehaus or Piraldo, who are charged as being actively engaged in the work which if carried out would result in injury to complainant's lot and who know better than any one else what they intended to do, did not also make oath to the answer, is a circumstance worthy of consideration in giving weight and credence to the denials contained in it. Furthermore, they should not be allowed to support their denials for the purpose of giving probative force to them by hearsay evidence. Especially is this true when each of them are fully acquainted with facts alleged in the bill and can depose primarily to their existence or non-existence. And so far as the respondent, the city of Sheffield, is concerned, we feel that we are authorized in saying that the answer discloses that the affiant knew nothing of his own knowledge of the facts upon which the denials are predicated going to the equity of the bill pointed out by us. It, too, relied upon a mere hearsay affirmation, when primay evidence was attainable. Upon the question under consideration the case cannot possibly be stronger than one in which the answer denies the equity of the bill upon information and belief.—*Calhoun v. Cozens*, 3 Ala. 503; *C. & W. R'y Co. v. Witherow*, 82 Ala. 194. With this dubious proof in support of the denials of the answer, it cannot be said that the court cannot see a good reason in the facts disclosed, why the injunction should be retained.—*Rembert v. Brown*, 17 Ala. 671.

Affirmed.